```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/10/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

LUISA C. ESPOSITO,

                      Plaintiff,

         - against -

THE STATE OF NEW YORK, THE OFFICE
OF COURT ADMINISTRATION OF THE
UNIFIED COURT SYSTEM, THOMAS J.
CAHILL, in his official and individual
capacity, NAOMI GOLDSTEIN, in her
official and individual capacity, ALBERT S.
BLINDER, in his official and individual
capacity, HARVEY GLADSTEIN &
PARTNERS LLC f/k/a GLADSTEIN &
ISAAC, THE CITY OF NEW YORK,
RAYMOND KELLY, in his official and
individual capacity, ROBERT ARBUISO,
in his official and individual capacity,
ADAM I. LAMBOY, in his official and
individual capacity, JANE DOES, and JOHN
DOES,

                      Defendants.
------------------------------------------------------------X

<u>ORDER</u>

07 Civ. 11612 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

         On January 14, 2008, pro se plaintiff Luisa C. Esposito filed a motion for appointment of counsel.  For the reasons that follow, plaintiff's motion is

denied.

**I.    LEGAL STANDARD**

In *Hodge v. Police Officers*, the Second Circuit set forth the factors a court should consider in deciding whether to grant an indigent pro se plaintiff's request for appointment of counsel.[1] As a threshold requirement, the court must decide whether the plaintiff's claim "seems likely to be of substance."[2] If the plaintiff satisfies this requirement, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.[3]

In considering these factors, district courts should neither apply bright-line rules nor automatically deny appointment of counsel until the applicant has survived a dispositive motion.[4] Indeed, none of these factors should be considered controlling in a particular case.[5] Each case must be decided on its own facts.

---

[1]    802 F.2d 58, 61-62 (2d Cir. 1986).

[2]    *Id.*

[3]    *Id.* at 61-62.

[4]    *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997).

[5]    *Hodge*, 802 F.2d at 61.

## II. BACKGROUND

Plaintiff Luisa C. Esposito alleges that her former attorney, defendant Allen H. Isaac, sexually assaulted her on multiple occasions during the course of their attorney-client relationship. According to plaintiff, she reported these incidents to the New York County District Attorney's Office, and met with Assistant District Attorneys and New York City Police Department personnel from the Special Victims Unit. Notwithstanding these meetings, plaintiff contends that no action with respect to Isaac was taken.

Plaintiff contends that she then filed a grievance against Isaac with the Departmental Disciplinary Committee ("DDC") of the New York State Supreme Court, Appellate Division – First Department. In April 2007, the DDC commenced a hearing on plaintiff's allegations against Isaac. According to plaintiff, her DDC-appointed attorney, Isaac's attorneys, and the DDC panel itself conspired to conduct a "sham proceeding" regarding her grievance, and as a result, her constitutional right to due process was denied.

Plaintiff brings the instant action against Isaac and his law firm for assault, breach of contract, and breach of fiduciary duty. Additionally, plaintiff claims that all defendants – including, inter alia, the State of New York, the Office of Court Administration of the Unified Court System, and various individuals in

their official and individual capacities – conspired to deprive plaintiff of her constitutional right to due process, and obstructed justice. Plaintiff also contends that the City of New York and certain New York City Police Department personnel violated the New York City Administrative Code by failing to arrest Isaac despite the existence of probable cause.

As a result of defendants' acts, plaintiff claims that her health has deteriorated, her pre-existing Crohn's disease has been exacerbated, and she suffers from, inter alia, feelings of shame, fear, and anxiety. Plaintiff seeks an award of twenty million dollars for each cause of action, punitive damages, attorney's fees and costs, and the appointment of a federal monitor to oversee the DDC's daily operations for an indefinite period of time.

### III. DISCUSSION

Plaintiff's claims arising under the Constitution and federal law are unlikely to be of substance. As an initial matter, plaintiff's suit has been accepted as related to the action *Anderson v. State of New York, et al. ("Anderson")*, 07 Civ. 9599. To the extent that plaintiff's federal law and constitutional claims overlap with those brought in the *Anderson* action, they will be well-litigated by counsel representing the *Anderson* parties. As a result, it is unlikely that the appointment of counsel for plaintiff would result in any additional advancement of

plaintiff's interests with respect to those claims.

Because plaintiff's federal law and constitutional claims – which give rise to this Court's subject matter jurisdiction – are unlikely to be of substance, the Court declines to appoint counsel on the basis of plaintiff's state law claims. Indeed, these claims are fairly simple and though there may be conflicting evidence implicating the need for cross-examination, any factual disputes are unlikely to be very complicated. Thus, appointment of counsel in this case would not make just determination more likely.

## IV.   CONCLUSION

For the foregoing reasons, plaintiff's application for appointment of counsel is denied. The Clerk of the Court is directed to close the following motions [Document Nos. 3 and 5].

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         March 7, 2008

- **Appearances** -

**Plaintiff (Pro Se):**

Luisa C. Esposito
571 Roy Street
West Hempstead, NY 11552
(516) 741-0320
Fax: (516) 741-8120

**For Defendants:**