

| | | |
|---|---|---|
| MICHAEL A. CARDOZO<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | CRAIG HANLON<br>*Assistant Corporation Counsel*<br>Tel.: (212) 788-1580<br>Fax: (212) 788-9776 |

March 31, 2008



**VIA HAND DELIVERY**
Honorable Shira A. Scheindlin
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

       Re: <u>Esposito v. State of New York, et al.</u>, 07 CV 11612 (SAS)(DFE)

Your Honor:

       I am the Assistant Corporation Counsel assigned to the defense of this matter on behalf of the City of New York and Commissioner Raymond Kelly.[1] I am writing to request that defendants' time to answer, move or otherwise respond to the complaint be extended from the current due date of April 3, 2008 to June 2, 2008. <u>I contacted plaintiff, who is proceeding pro se, and requested her consent to this request. Plaintiff consented to a **30 day** extension.</u>

       There are several reasons for seeking the extension. In her complaint, plaintiff alleges, *inter alia*, that the police failed to arrest someone against whom she made a complaint. We need to obtain records relating to plaintiff's complaint, including police records, so that we can properly assess the case and respond to the complaint. Furthermore, the enlargement will allow this office time to conduct an inquiry to determine whether it could represent the named defendants in this action, Detective Arbuiso and Lieutenant Lamboy, <u>See</u> General Municipal Law § 50(k); <u>Mercurio v. The City of New York, et al.</u>, 758 F.2d 862, 864-65 (2d Cir. 1985); <u>Williams v. City of New York, et al.</u>, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law). These individuals must then decide whether they wish to be represented by the

---

[1] In addition to the City of New York, plaintiff names two (2) individuals believed to be New York City Police Detectives as defendants. According to the civil docket sheet, these individuals were served with process on March 14, 2008. This office has not discussed with these individuals the manner of service and we make no representation herein as to the adequacy of service upon them. A decision concerning this Office's representation of these individuals has not yet been made and accordingly, this request for an extension of time is not made on their behalf. However, given the time involved in determining the representation of a police officer, and in the interest of judicial economy, we would hope that the court may, *sua sponte*, extend the time to answer on behalf of all defendants.

Corporation Counsel, see Dunton v. County of Suffolk, 729 F.2d 903 (2d Cir. 1984). Only then can this office interview them for the purposes of responding to the complaint.

No previous request for an extension has been made by either party. There are no scheduled conferences that will be affected by this proposed extension. Accordingly, it respectfully requested that the Court grant defendants' application to extend their time to answer or otherwise respond to the complaint from April 3, 2008 to June 2, 2008.

Thank you for your consideration of this request.

Respectfully submitted,

Craig Hanlon (CH 5679)
Assistant Corporation Counsel
Special Federal Litigation Division

cc: Luisa C. Esposito (Via Fax)
Plaintiff *Pro Se*
571 Roy Street
West Hempstead, N.Y. 11552

> Defendants' time to respond to the complaint is extended to May 30, 2008. If defendants move to dismiss, plaintiff's response is due by June 30, 2008. Defendants' reply, if any, is due by July 14, 2008.
>
> SO ORDERED:
>
> Date: New York, New York
> April 2, 2008
>
> Shira A. Scheindlin
> U.S.D.J.