

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ANDREW M. CUOMO
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

*Writer's Direct Dial*
*(212) 416-8965*

March 26, 2008

**Via Mail**

Honorable Shira A. Scheindlin
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: **Esposito v. The State of New York, et al.**
**S.D.N.Y. Case No. 07 CV 11612 (SAS)**

Dear Judge Scheindlin:

This Office represents defendants the State of New York, the Office of Court Administration, Thomas J. Cahill, Naomi Goldstein, and Albert S. Blinder (hereinafter the "State Defendants") in the above-referenced pro se action. We write to request an extension of time to respond to the complaint from April 2, 2008 until May 9, 2008.

**Brief Background of the Case**

Plaintiff pro se Luisa Esposito brings this action against the State Defendants and others, asserting that she was sexually assaulted by her former attorney and that defendants failed to take steps plaintiff deemed necessary in response to her complaints about the alleged sexual assault. See Complaint at ¶¶ 20-45. As relevant to the State Defendants, plaintiff alleges that she filed a complaint against her attorney with the Departmental Disciplinary Committee ("DDC") of the Appellate Division, First Department and that the DDC is mishandling the case. Specifically, plaintiff alleges that the hearings held so far have been a "sham", that she was improperly not allowed to have an attorney present during her testimony, that a DDC transcription of a recording plaintiff made of her former attorney was not accurate, and that the recording was not

returned to her upon her request for the same. See Complaint at ¶¶ 31-45. Plaintiff asserts claims against the State Defendants under § 1983 alleging violations of her due process and equal protection rights and under Civil RICO.

### State Defendants' Request for an Extension of Time to Respond to the Complaint

Plaintiff commenced this action on or about December 28, 2007. Plaintiff affected service upon the State Defendants on or about March 13, 2008. Defendants' time to respond to the complaint expires on or about April 2, 2008. Defendants ask for an extension of time to file a motion to dismiss. Defendants intend to move to dismiss on numerous grounds, including but not limited to:

- The Eleventh Amendment to the United States Constitution bars plaintiff's claims against the State of New York, the Office of Court Administration, and the named individuals in their official capacities;

- Plaintiff's claims against the defendants for their prosecution of her DDC complaint and/or against Judge Blinder for his oversight of the hearing on that complaint are barred by absolute judicial, quasi-judicial and qualified immunity;

- Plaintiff's claims are barred by the Younger abstention doctrine;

- Plaintiff has failed to set forth a claim under § 1983 as she has failed to state the violation of any federal right by the State Defendants;

- Plaintiff has failed to set forth a claim under § 1983 as she has failed to set forth sufficient factual allegations of each defendants' personal involvement in violation of any federal right; and

- Plaintiff has failed to properly plead a Civil RICO claim.

Defendants ask to have until May 9, 2008 to file the motion to dismiss. This is the first request for an extension. Plaintiff will not agree to the requested extension because she alleges that has been denied her due process for a long time and does not wish to consent to any extensions.

State Defendants also ask to be excused from the requirement that parties exchange letters prior to moving to dismiss. See Individual Rules and Procedures, Part III, (A) and (B). This letter is being sent by mail as plaintiff's fax line was not working on March 26, 2008.

Respectfully submitted,

Monica Connell
*Assistant Attorney General*

MC/
cc:  Luisa Esposito *(By Mail)*
     <u>Plaintiff Pro Se</u>

> Defendants' time to respond to the Complaint is extended to May 30, 2008. Plaintiff's response is due on June 30, 2008. Defendant's reply, if any, is due on July 14, 2008. The letter exchange rule does not apply to pro se cases.
>
> SO ORDERED
>
> Date: New York, New York
> April 2, 2008
>
> Shira A. Scheindlin
> U.S.D.J.