UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/25/10

LUISA ESPOSITO,

                Plaintiff,

    - against -

THE STATE OF NEW YORK, et al.,

                Defendants.

------------------------------------------------------X

**MEMORANDUM
OPINION AND ORDER**

**07 Civ. 11612 (SAS)**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.    INTRODUCTION

Pro se plaintiff Luisa Esposito brought this action pursuant to 42 U.S.C. § 1983 ("section 1983") and state law against the State of New York; the City of New York; the Office of Court Administration of the Unified Court System of New York; various individuals in their employ (collectively, the "State Defendants"); and certain attorneys in private practice, alleging that her former attorney sexually assaulted her. She claims that her complaints to various state agencies were ignored due to an alleged conspiracy to protect her assailant. Esposito argues that the defendants violated her rights to petition the government for redress of grievances, to equal protection, and to due process under the First and Fourteenth Amendments to the United States Constitution.

1

and Fourteenth Amendments to the United States Constitution.

On August 8, 2008, this Court dismissed the above-captioned case along with five other cases that were filed as related to *Anderson v. State of New York*, 07 Civ. 9599 (SAS).[1]  In these six actions, all of which involved alleged corruption in the New York State courts, the plaintiffs alleged an underlying wrongdoing by an attorney, followed by a complaint to a disciplinary committee, followed by the disciplinary committee's failure to take action.  This Court dismissed these actions, stating that:

> the United States Constitution does not permit this Court to supervise the departmental disciplinary committees or review the decisions of the courts of New York State. Regardless of the possibility of corruption in the courts of the State of New York, the only federal court that may review their decisions is the United States Supreme Court. Plaintiffs must direct their complaints to the state court system, the Attorney General for the State of New York, or the appropriate United States Attorney.  Because the Court lacks jurisdiction to review the decisions of the departmental disciplinary committees, and for the other reasons stated below, these actions are dismissed.[2]

---

[1]     *See Esposito v. State of New York*, Nos. 07 Civ. 11612 (SAS), 08 Civ. 2391 (SAS), 08 Civ. 3305 (SAS), 08 Civ. 4438 (SAS), 08 Civ. 5455 (SAS), 08 Civ. 6368 (SAS), 2008 WL 3523910 (S.D.N.Y. Aug. 8, 2008).  The *Anderson* case was tried but the jury returned a verdict in favor of the defendants on October 29, 2009.  A Judgment was entered the next day dismissing Anderson's Complaint.  Anderson's appeal remains pending in the Second Circuit.

[2]     *Id.* at *1.

2

Esposito appealed both that decision and the denial of her motion to re-open

pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b)").  Both decisions

were affirmed by the Second Circuit.[3]  Esposito now seeks to re-open her case

pursuant to Rule 60(b) "based upon newly discovered evidence."  This motion,

dated August 30, 2010, is brought twenty-four months after I dismissed plaintiff's

claims for lack of jurisdiction and failure to state a claim upon which relief can be

granted.

## II.   LEGAL STANDARD

"Rule 60(b) was intended to preserve the delicate balance between the

sanctity of final judgments and the incessant command of the court's conscience

that justice be done in light of all the facts."[4]  Rule 60(b) does not provide a party

---

[3]        *See Esposito v. New York*, 355 Fed. Appx 511 (2d Cir. 2009)
(affirming dismissal based on, *inter alia*, Eleventh Amendment immunity, lack of
standing, the *Rooker-Feldman* doctrine, absolute judicial and quasi-judicial
immunity, and holding that Esposito had demonstrated no "'exceptional
circumstances'" that would justify setting aside the dismissal of her complaint")
(Summary Order) (citing *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir.
2008)).

[4]        *Smalls v. United States*, 471 F.3d 186, 191 (D.C. Cir. 2006)
(quotation marks, ellipses, and citation omitted).  *Accord Nemaizer v. Baker*, 793
F.2d 58, 61 ("Properly applied, Rule 60(b) strikes a balance between serving the
ends of justice and preserving the finality of judgments.  In other words, it should
be broadly construed to do substantial justice, yet final judgments should not be
lightly reopened.") (quotation marks and citations omitted).

with the opportunity to relitigate the merits of a case in an attempt to win a point

already "carefully analyzed and justifiably disposed."[5]  Accordingly, motions for

relief from judgment under Rule 60(b) are generally disfavored in the Second

Circuit.[6]

Rule 60(b) provides that a district court may relieve a party from a

final judgment or order in five enumerated circumstances and, according to a sixth

subclause, for "any other reason that justifies relief."[7]  If any other subdivision of

Rule 60(b) is applicable, Rule 60(b)(6) will not apply.[8]  The Second Circuit has

held that "[m]otions under rule 60(b) are addressed to the sound discretion of the

district court and are generally granted only upon a showing of exceptional

---

[5]     *In re Bulk Oil (USA) Inc.*, No. 89-B-13380, 2007 WL 1121739, at *10
(S.D.N.Y. Apr. 11, 2007) (stating that a court should not "reconsider issues
already examined simply because [a party] is dissatisfied with the outcome of his
case. To do otherwise would be a waste of judicial resources.") (quotation marks
and citation omitted).

[6]     *See Empresa Cubana Del Tabaco v. General Cigar Co. Inc.*, No.
08-5878-cv, 2010 WL 2759416, at *1 (2d Cir. July 14, 2010 ) ("We have
cautioned, however, that Rule 60(b) motions are disfavored . . . .") (citing
*Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004)); *Simone v. Prudential Ins.
Co. of America*, No. 05-3202-CV, 2006 WL 166490, at *1 (2d Cir. Jan. 24, 2006);
*United States v. International Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir.
2001).

[7]     Fed. R. Civ. P. 60(b)(1) - (6).

[8]     *See Nemaizer*, 793 F.2d at 63.

4

circumstances."[9]  The Second Circuit has set forth a three-prong test in order for a Rule 60(b) motion to succeed:  (1) there must be "highly convincing" evidence in support of the motion; (2) the moving party must show good cause for failing to act sooner; and (3) the moving party must show that granting the motion will not impose an undue hardship on any party.[10]  Finally, "pro se litigants are not . . . excused from the requirement that they produce 'highly convincing' evidence to support a Rule 60(b) motion."[11]  "The heavy burden for securing relief from final judgments applies to pro se litigants as well as those represented by counsel."[12]

## III.  DISCUSSION

Esposito has filed a Motion to Re-Open, pursuant to Rule 60(b), on the ground that newly discovered evidence "pertain[ing] to witness affidavits in support of Plaintiff's claims"[13] justifies re-opening her case.  Specifically, plaintiff

---

[9]     *Mendell in behalf of Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990) (citing *Nemaizer*, 793 F.2d at 61).  *Accord Paddington Partners v. Bouchard*, 34 F.3d 1132, 1142 (2d Cir. 1994).

[10]     *See Kotlicky v. United States Fid. Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987).

[11]     *Gil v. Vogilano*, 131 F. Supp. 2d 486, 494 (S.D.N.Y. 2001).

[12]     *Broadway v. City of New York*, No. 96 Civ. 2798, 2003 WL 21209635, at *3 (S.D.N.Y. May 21, 2003).

[13]     Plaintiff's Motion to Re-Open ("Pl. Motion") at 5.

seeks to introduce newly proffered testimony by Erika Zorn, a former intern at Defendant Isaac's law firm, and Ileana Filomeno, Isaac's former legal secretary.[14] The plaintiff first contacted both women in April 2010, and believes that both would testify in her favor as to Isaac's improper behavior. As additional support for her Rule 60(b) motion, Esposito offers a June 1, 2010 Order of the Appellate Division, First Department, which suspended defendant Isaac's law license for six months for professional misconduct.[15]

The discovery of this new evidence is wholly irrelevant, however, because all of the factual allegations in Esposito's Complaint were presumed true when this Court dismissed her case in August 2008. As I previously stated when considering Esposito's Motion for Reconsideration:

> plaintiff asserts that "there are numerous instances of evidence that were never heard or tested by [this Court] . . . ." However, for purposes of a motion to dismiss, evidence is irrelevant. This Court already assumed the truth of plaintiff's claims. Nonetheless, she cannot obtain relief in this Court.[16]

This Court did not dismiss Esposito's Complaint based on the lack of evidence, but rather did so on legal grounds. Once the federal claims were

---

[14]   *See id.*

[15]   *See id.* at 6.

[16]   8/20/08 Order (Doc. # 72 on ECF Docket).

6

dismissed, this Court declined to exercise supplemental jurisdiction over the remaining state law claims.[17]  Although Esposito's Motion to Re-Open is based on new evidence that may bolster her state law claims against Isaac, it does nothing to remedy the fact that federal court is not the appropriate forum for her claims.[18]

Alternatively, Esposito's Motion to Re-Open is time-barred.  The Order dismissing Esposito's Complaint was entered on August 8, 2008.  Rule 60 states that: "A motion under Rule 60(b) must be made within a reasonable time."[19]  But motions based on newly discovered evidence under Rule 60(b)(2) must be made "no more than a year after the entry of the judgment or order or the date of the proceeding."[20]  Here, Esposito's Motion to Re-Open was filed on September 1, 2010, which is more than two years since the issuance of the Order dismissing her

---

[17]    *See Esposito*, 2008 WL 3523910, at *14.  ("When a plaintiff has not alleged diversity jurisdiction and her federal claims fail as a matter of law, courts generally decline to exercise supplemental jurisdiction over remaining state law claims.  In these cases, all federal law claims have been dismissed and there is no reason to depart from this general rule.  I therefore dismiss plaintiffs' state law claims.  Plaintiffs' underlying disputes are more appropriate for litigation in state court.").

[18]    Esposito's motion also argues for the first time that this Court has jurisdiction pertaining to claims under the Violence Against Women Act.  However, that law does not provide a private civil remedy.  *See United States v. Morrison*, 529 U.S. 598 (2000).

[19]    Fed. R. Civ. P. 60(c)(1)

[20]    *Id.*

Complaint.  And although Esposito insists that the instant motion is made under Rule 60(b)(6), not Rule 60(b)(2), she also repeatedly asserts that the Motion to Re-Open is being made on the basis of newly discovered evidence.[21]  Because the reasons Esposito offers for relief from judgment can be considered under Rule 60(b)(2), they will not be considered under Rule 60(b)(6),[22] and the Motion is therefore untimely.[23]

Esposito's newly discovered evidence fails to rise to the level of exceptional circumstances.  None of the evidence offered by Esposito serves to abrogate or waive the State Defendants' Eleventh Amendment immunity.  Nor does it establish that the individual state defendants are no longer entitled to absolute judicial or quasi-judicial immunity, or that the private attorneys were state actors.  The issues raised by Esposito do not alter this Court's prior legal conclusions regarding the viability of her federal claims and the reason this Court

---

[21]     *See* Plaintiff's Reply to Defendants' Opposition to Re-open at 2 ("Plaintiff's motion to reopen is based upon *new evidence* and *exceptional circumstances* . . .")(emphasis in original); Pl. Motion at 5 ("Plaintiff has newly discovered evidence . . . which needs to be addressed before the Court.").

[22]     *See United States v. International Bhd. of Teamsters*, 247 F.3d 370, 391-92 (2d Cir. 2000); *Nemaizer*, 793 F.2d at 63.

[23]     *See Serzysko v. Chase Manhattan Bank*, 461 F.2d 699, 702 (2d Cir. 1972) (a litigant "cannot circumvent the one year limitation by invoking the residual clause (6) of Rule 60(b)").

declined to exercise supplemental jurisdiction.

## IV.   CONCLUSION

For the reasons stated above, Esposito's Motion to Re-Open is

denied, and the subsequently filed Motion to Reconsider is now moot.  The Clerk

of the Court is directed to close the Motion to Re-Open (Document # 80) and the

Motion to Reconsider (Document # 93).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            October 25, 2010

9

- Appearances -

**Plaintiff (Pro Se):**

Luisa C. Esposito
571 Roy Street
West Hempstead, NY 11552
(516) 741-0320

**For the State Defendants:**

Monica A. Connell
Assistant Attorney General
120 Broadway, 24th Floor
New York, NY 10271
(212) 416-6009

**For the City Defendants:**

Philip Frank
Assistant Corporation Counsel
New York City Law Dept.
100 Church Street
New York, NY 10007
(212) 788-0893

**For Allen H. Isaac:**

Thomas Blase Coppola, Esq.
Diane Krebs, Esq.
Joshua S. Hurwit, Esq.
Gordon & Rees, LLP
90 Broad Street, 23rd Floor
New York, NY 10004
(212) 453-0708

**For Harvey Gladstein & Partners:**

Traycee Ellen Klein, Esq.
Epstein, Becker & Green, P.C.
250 Park Avenue
New York, NY 10177
(212) 351-4812

**For Pollack Defendants:**

Anthony Daniel Grande, Esq.
Morgan, Melhuish, Monaghan et al.
39 Broadway, 35th Floor
New York, NY 10006
(646) 388-6448