UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------X

LUISA ESPOSITO,

          Plaintiff,

    - against -

THE STATE OF NEW YORK, et al.,

          Defendants.
----------------------------------------------------X

**MEMORANDUM
OPINION AND ORDER**

**07 Civ. 11612 (SAS)**



**SHIRA A. SCHEINDLIN, U.S.D.J.:**

       Pro se plaintiff Luisa Esposito brought the above-captioned action

pursuant to 42 U.S.C. § 1983 ("section 1983") and state law against the State of

New York; the City of New York; the Office of Court Administration of the

Unified Court System of New York; various individuals in their employ

(collectively, the "State Defendants"); and certain attorneys in private practice.

Esposito alleged that Allen H. Isaac, a civil attorney whom Esposito consulted

with regard to a legal matter arising from a car accident, sexually assaulted her.

She claims that her complaints to various state agencies were ignored due to an

alleged conspiracy to protect Isaac.  Esposito argued that defendants violated her

rights to petition the Government for redress of grievances, to equal protection, and

to due process under the First and Fourteenth Amendments to the United States

1

Constitution.  Esposito also brought several state law claims including breach of contract and assault.

On August 8, 2008, this Court dismissed the above-captioned case along with five other cases that were filed as related to *Anderson v. State of New York*, 07 Civ. 9599 (SAS).[1]  In these six actions, all of which involved alleged corruption in the New York State courts, the plaintiffs alleged an underlying wrongdoing by an attorney, followed by a complaint to a disciplinary committee, followed by the disciplinary committee's failure to take action.  This Court dismissed these actions, stating that:

> the United States Constitution does not permit this Court to supervise the departmental disciplinary committees or review the decisions of the courts of New York State. Regardless of the possibility of corruption in the courts of the State of New York, the only federal court that may review their decisions is the United States Supreme Court. Plaintiffs must direct their complaints to the state court system, the Attorney General for the State of New York, or the appropriate United States Attorney.  Because the Court lacks jurisdiction to review the decisions of the departmental disciplinary committees, and for the other

---

[1]      *See Esposito v.  State of New York*, Nos. 07 Civ. 11612, 08 Civ. 2391, 08 Civ. 3305, 08 Civ. 4438, 08 Civ. 5455, 08 Civ. 6368, 2008 WL 3523910 (S.D.N.Y. Aug. 8, 2008) (the "Aug. 8, 2008 Order").  The *Anderson* case, which was a sexual harrasment/discrimination/retaliation case, went to trial.  The jury returned a verdict in favor of the defendants on October 29, 2009, and her Complaint was subsequently dismissed.

reasons stated below, these actions are dismissed.[2]

Esposito timely moved for reconsideration of the Aug. 8, 2008 Order, which this Court denied in an Order dated August 20, 2008.[3] On September 1, 2010, more than two years later, Esposito moved to reopen her case under Federal Rule of Civil Procedure 60(b) on the basis of newly discovered evidence. That motion was also denied.[4] Esposito appealed both the Aug. 8, 2008 Order and the denial of her Rule 60(b) motion to reopen. Both decisions were affirmed by the Second Circuit, which stated as follows:

> Further, a governmental failure to protect an individual from private violence does not implicate a victim's due process rights unless the state actor created or enhanced the danger to the victim, which [Esposito] did not allege. Nor did [Esposito] allege any facts to suggest that she was intentionally discriminated against based on her gender or that she suffered any treatment disparate from similarly situated individuals that would support a "class-of-one" equal protection theory. Accordingly, [Esposito's] complaint failed to state a claim and was properly dismissed. Moreover, it would have been futile to give [Esposito] leave to amend her complaint because she had already amended it twice. Finally, we find that the district court did not abuse its discretion in denying [Esposito's]

---

[2]    *Id.* at *1.

[3]    *See* Electronic Case Filing ("ECF") Docket Entry # 72 in case number 07 Civ. 11612.

[4]    *See Esposito v. New York*, No. 07 Civ. 11612, 2010 WL 4261396 (S.D.N.Y. Oct. 25, 2010).

Rule 60(b) motion because she demonstrated no "exceptional circumstances" that would justify setting aside the dismissal of her complaint.[5]

Esposito now moves, yet again, to reopen her case under Rule 60(b) and (d)(3) on the basis of newly discovered evidence (the "Motion to Reopen").[6] In particular, Esposito bases her Motion to Reopen on "[n]ewly discovered evidence pertaining to: "[1] the recent [civil] filing of Attorney Nicole Corrado, [2] Plaintiff's witness, Ileana Filomeno (victim of Defendant, Allen H. Isaac) and [3] the Matter of Steven S. Greenberg."[7] For the following reasons, Esposito's second Motion to Reopen, which is her third motion challenging the finality of the Aug. 8, 2008 Order, is denied.

## I.    LEGAL STANDARDS

### A.    Rule 60(b) in General

"Rule 60(b) was intended to preserve the delicate balance between the sanctity of final judgments and the incessant command of the court's conscience

---

[5]      *See Esposito v. New York*, 355 Fed. App'x 511, 513 (2d Cir. 2009) (Summary Order) (citations omitted).

[6]      Esposito does not specifically mention the subsection of Rule 60(b) on which she is relying, but it is clear that Rule 60(b)(2) applies given her allegations of "newly discovered evidence." In addition, although Esposito cites Rule 60(d)(3) in support of her Motion to Reopen, she fails to offer any explanation of how that subsection applies to any of her new allegations.

[7]      10/2/12 Affirmation in Support of Motion to Reopen ¶ 1("Pl. Aff.").

4

that justice be done in light of all the facts."[8]  Rule 60(b) does not provide a party

with the opportunity to relitigate the merits of a case in an attempt to win a point

already "carefully analyzed and justifiably disposed."[9]  Accordingly, motions for

relief from judgment under Rule 60(b) are generally disfavored in the Second

Circuit.[10]

      Rule 60(b) provides that a district court may relieve a party from a

final judgment in six enumerated circumstances.[11]  The Second Circuit has held

---

[8]      *Smalls v. United States*, 471 F.3d 186, 191 (D.C. Cir. 2006) (quotation marks, ellipses, and citation omitted). *Accord Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986) ("Properly applied, Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments. In other words, it should be broadly construed to do substantial justice, yet final judgments should not be lightly reopened.") (quotation marks and citations omitted).

[9]      *In re Bulk Oil (USA) Inc.*, No. 89-B-13380, 2007 WL 1121739, at *10 (S.D.N.Y. Apr. 11, 2007) (stating that a court should not "reconsider issues already examined simply because [a party] is dissatisfied with the outcome of his case. To do otherwise would be a waste of judicial resources.") (quotation marks and citation omitted).

[10]      *See Empresa Cubana Del Tabaco v. General Cigar Co. Inc.*, No. 08-5878-cv, 2010 WL 2759416, at *1 (2d Cir. July 14, 2010 ) ("We have cautioned, however, that Rule 60(b) motions are disfavored . . . .") (citing *Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004)); *Simone v. Prudential Ins. Co. of America*, No. 05-3202-CV, 2006 WL 166490, at *1 (2d Cir. Jan. 24, 2006); *United States v. International Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001).

[11]      A court may relieve a party from a final judgment for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether

that "[m]otions under rule 60(b) are addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances."[12]   Finally, "pro se litigants are not . . . excused from the requirement that they produce 'highly convincing' evidence to support a Rule 60(b) motion."[13]   "The heavy burden for securing relief from final judgments applies to pro se litigants as well as those represented by counsel."[14]

### B.   Rule 60(b)(2)

Rule 60(b)(2) provides relief from a final judgment where there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)[.]"   A Rule 60(b)(2) motion may be granted if the moving party can demonstrate the following:

---

previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1) - (6).

[12]     *Mendell in behalf of Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990) (citing *Nemaizer*, 793 F.2d at 61).  *Accord Paddington Partners v. Bouchard*, 34 F.3d 1132, 1142 (2d Cir. 1994).

[13]     *Gil v. Vogilano*, 131 F. Supp. 2d 486, 494 (S.D.N.Y. 2001).

[14]     *Broadway v. City of New York*, No. 96 Civ. 2798, 2003 WL 21209635, at *3 (S.D.N.Y. May 21, 2003).

"(1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching."[15]

Finally, motions made pursuant to Rule 60(b)(2) must be made no more than one year after the entry of judgment.[16]

## C.    Rule 60(d)(3)

Rule 60(d)(3) permits a court to "set aside a judgment for fraud on the court." "Fraud on the court consists of conduct: '1) on the part of an officer of the court; that 2) is directed to the judicial machinery itself; 3) is intentionally false, willfully blind to the truth, or is in reckless disregard of the truth; 4) is a positive averment or a concealment when one is under a duty to disclose; and 5) deceives

---

[15]    *International Bhd. of Teamsters*, 247 F.3d at 392 (quoting *United States v. International Bhd. of Teamsters*, 179 F.R.D. 444, 447 (S.D.N.Y. 1998)). *Accord Kotlicky v. United States Fid. Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987) (setting forth the following three-prong test in order for a Rule 60(b) motion to succeed: (1) "the evidence in support of the motion to vacate a final judgment [must] be 'highly convincing,'" (2) the moving party must "show good cause for the failure to act sooner," and (3) the moving party must show "that no undue hardship [would] be imposed on other parties.").

[16]    *See* Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.").

the court.'"[17]  Fraud on the court refers to "the most egregious conduct involving a corruption of the judicial process itself.  Treatises speak of such flagrant abuses as bribing a judge, employing counsel to exert improper influence on the court, and jury tampering."[18]

## II.   DISCUSSION

The alleged newly discovered evidence is irrelevant because all of the factual allegations in Esposito's Complaint were presumed true when her case was dismissed in August 2008.  Esposito's Complaint was not dismissed because of a lack of evidence but rather on legal grounds.  Once the federal claims were dismissed, this Court declined to exercise supplemental jurisdiction over the remaining state law claims.[19]

---

[17]    *Johnson v. Bell*, 605 F.3d 333, 339 (6th Cir. 2010) (quoting *Carter v. Anderson*, 585 F.3d 1007, 1011–12 (6th Cir. 2009)).

[18]    *General Medicine, P.C. v. Horizon/CMS Health Care Corp.*, 475 Fed. App'x 65, 71 (6th Cir. 2012) (quotation marks and citations omitted).

[19]    *See Esposito*, 2008 WL 3523910, at *14.  ("When a plaintiff has not alleged diversity jurisdiction and her federal claims fail as a matter of law, courts generally decline to exercise supplemental jurisdiction over remaining state law claims.  In these cases, all federal law claims have been dismissed and there is no reason to depart from this general rule.  I therefore dismiss plaintiffs' state law claims.  Plaintiffs' underlying disputes are more appropriate for litigation in state court.").

Furthermore, Esposito has failed to show how the three categories of her alleged newly discovered evidence are relevant to her previously dismissed claims.  *First,* Corrado's civil action against the New York State Unified Court System alleges sexual harassment, discrimination and retaliation under Title VII of the Civil Rights Act of 1964.[20]  The allegations made by Corrado upon which Esposito relies relate to the chilling of Corrado's testimony in the *Anderson* case.  Thus, nothing in the Corrado Complaint is remotely relevant to any of the claims previously brought by Esposito.  Nor does the Corrado Complaint support Esposito's allegation regarding "systemic corruption" within the Departmental Disciplinary Committee for the First Judicial Department ("DDC").[21]  *Second,* Esposito merely mentions Ileano Filomeno as a new witness but there is no substantive discussion of how Filomeno's proposed testimony would warrant reopening Esposito's action.  In any event, Filomeno was identified as a new witness in Esposito's first motion to reopen which was rejected by this Court.[22] *Third,* although Esposito includes an excerpt regarding the Matter of Steven S.

---

[20]    *See Corrado v. New York State Unified Court System,* No. CV 12 1748 (E.D.N.Y. Apr. 10, 2012) (the "Corrado Complaint") ¶¶ 64-69.

[21]    Pl. Aff. ¶ 7.

[22]    *See* Plaintiff's Motion to Re-Open Docket No.: 07-CV-11612 (SAS) at 6 (ECF Docket Entry # 80).

9

Greenberg, presumably from some sort of disciplinary proceeding, she fails to mention how Greenberg's transgressions are related to her action. Other than twice citing *Matter of Isaac*,[23] the Greenberg excerpt appears wholly unrelated to any of Esposito's claims.[24] Thus, none of the allegations in the Esposito Affirmation actually represent newly discovered evidence, much less support a claim of fraud on the court.

In sum, none of the allegedly new evidence offered by Esposito serves to abrogate or waive the State Defendants' Eleventh Amendment immunity. Nor does it establish that the individual State Defendants are no longer entitled to absolute judicial or quasi-judicial immunity or that the private attorneys were state actors. Thus, the issues raised by Esposito do not alter this Court's prior legal conclusions regarding the viability of her federal claims and the reason this Court declined to exercise supplemental jurisdiction over her state claims. Accordingly, there is nothing in Esposito's Affirmation that supports reopening her case under

---

[23]     76 A.D.3d 48 (1st Dep't 2010). *Matter of Isaac* discusses the disciplinary proceedings brought against Isaac by the DDC and the resulting sanction.

[24]     For the record, Isaac was suspended from the practice of law for six months for sexually harassing Esposito. *See id.* at 52 ("Considering respondent's age and his long and unblemished record practicing law (*see e.g. Matter of Lubell*, 285 AD2d 267 [2001]; *Matter of Einhorn*, 88 AD2d 95 [1982] [where the attorney's age was considered in determining the appropriate sanction]), respondent is suspended for a six-month period.").

Rule 60(b)(2) or (d)(3).

Alternatively, Esposito's Motion to Reopen is time-barred given that her case was dismissed on August 8, 2008. Rule 60(c)(1) states that: "A motion under Rule 60(b) must be made within a reasonable time." But motions based on newly discovered evidence under Rule 60(b)(2) must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." Here, Esposito's second Motion to Reopen was filed on October 9, 2012, more than four years after the Aug. 8, 2008 Order was issued. Hence, to the extent Esposito is moving under Rule 60(b)(2), that motion is untimely. And while Rule 60(d)(3) does not contain any express limitations period, the claims raised in Esposito's Affirmation in no way support the type of fraud claim that would warrant relief under that subsection. Accordingly, the instant motion is time-barred.

## III.   CONCLUSION

For the reasons stated above, Esposito's Motion to Reopen is denied. The Clerk of the Court is directed to close the Motion to Re-Open (Docket Entry # 103).

11

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            November 13, 2012

## - Appearances -

**Plaintiff (Pro Se):**

Luisa C. Esposito
571 Roy Street
West Hempstead, NY 11552
(516) 741-0320

**For the State Defendants:**

Monica A. Connell
Assistant Attorney General
120 Broadway, 24th Floor
New York, NY 10271
(212) 416-6009

**For the City Defendants:**

Philip Frank
Assistant Corporation Counsel
New York City Law Department
100 Church Street
New York, NY 10007
(212) 788-0893

**For Allen H. Isaac:**

Joshua S. Hurwit, Esq.
Gordon & Rees, LLP
90 Broad Street, 23rd Floor
New York, NY 10004
(212) 453-0708

**For Harvey Gladstein & Partners:**

Traycee Ellen Klein, Esq.
Epstein, Becker & Green, P.C.
250 Park Avenue
New York, NY 10177
(212) 351-4812

**For Pollack Defendants:**

Anthony Daniel Grande, Esq.
Morgan, Melhuish, Monaghan
39 Broadway, 35th Floor
New York, NY 10006
(646) 388-6448

13