

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ X
                                      :
LUISA C. ESPOSITO                     :
                                      :      07cv11612 (DLC)
            Plaintiff,                :
                                      :      MEMORANDUM OPINION
      -v--                            :          & ORDER
                                      :
THE STATE OF NEW YORK, et al.         :
                                      :   ┌──────────────────────────┐
            Defendants.               :   │ USDC SDNY                │
                                      :   │ DOCUMENT                 │
                                      :   │ ELECTRONICALLY FILED     │
------------------------------------ X    │ DOC #: _____ 119   │
                                          │ DATE FILED: 5/12/2016    │
                                          └──────────────────────────┘

DENISE COTE, District Judge:

     This Opinion addresses the third Rule 60(b), Fed. R. Civ.

P., motion to reopen this case filed by pro se plaintiff Luisa

Esposito.  Esposito brought this action pursuant to 42 U.S.C.

§ 1983 and state law against the State of New York, the City of

New York, the Office of Court Administration of the Unified

Court System of New York, various employees of these state

institutions, and certain private practice attorneys.  Esposito

alleges that her former attorney sexually assaulted her, and

that her complaints to various state agencies were ignored due

to an alleged conspiracy to protect her assailant.  She claims

that the defendants violated her right to petition the

government for redress of her grievances, and her rights to

equal protection and due process under the First and Fourteenth

Amendments of the United States Constitution.

1

On August 8, 2008, this case was dismissed along with five other related cases.[1] <u>Esposito v. New York</u>, No. 04cv6368 (SAS), 2008 WL 3523910, at *1 (S.D.N.Y. Aug. 8, 2008).  Judge Scheindlin held that "the United States Constitution does not permit this Court to supervise the departmental disciplinary committees or review the decisions of courts of New York State" and dismissed all five cases on various jurisdictional grounds.[2] <u>Id.</u>  Esposito appealed both that decision and the denial of her first Rule 60(b) motion to reopen, and both decisions were affirmed by the Second Circuit Court of Appeals.   <u>Esposito v. New York</u>, 355 Fed. App'x 511 (2d Cir. 2009).  Esposito again filed a motion to reopen on September 1, 2010, which was denied on October 25, 2010.

On March 21, 2016, Esposito filed a new Rule 60(b) motion to reopen this case based on "fraud on the Court" and "newly discovered evidence."  The motion largely describes the unethical activities of certain defendants since 2010 and seeks to reopen the case on the basis of those activities.  Defendant Harvey Gladstein & Partner LLC filed a response on April 6, and

---

[1] These five cases were filed as related to <u>Anderson v. New York</u>, No. 07cv9599 (S.D.N.Y filed Oct. 26, 2007).

[2] Specifically, Judge Scheindlin dismissed the claims based on Eleventh Amendment state immunity, judicial and quasi-judicial immunity, and <u>Rooker-Feldman</u> doctrine grounds.  <u>Id.</u> at *12-13. The court also held that there is no constitutional right to have the government investigate allegations of wrongdoing and that Esposito lacked standing.  <u>Id.</u>

the motion became fully submitted that same day.  This case was

transferred to this Court on April 19.

Esposito seeks relief under Rules 60(b)(3) and 60(b)(6).

Under Rule 60(b), a court

> may relieve a party or its legal representative
> from a final judgment, order, or proceeding for
> the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable
> neglect;
>
> (2) newly discovered evidence that, with
> reasonable diligence, could not have been
> discovered in time to move for a new trial under
> Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or
> extrinsic), misrepresentation, or misconduct by
> an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or
> discharged; it is based on an earlier judgment
> that has been reversed or vacated; or applying it
> prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Relief under Rule 60(b) is "generally not favored and is

properly granted only upon a showing of exceptional

circumstances." Ins. Co. of N. Am. v. Pub. Serv. Mut. Ins. Co.,

609 F.3d 122, 131 (2d Cir. 2010) (citation omitted).  Moreover,

Rule 60(b)(6) relief "is only available if Rules 60(b)(1)

through (5) do not apply." ISC Holding AG v. Nobel Biocare

Finance AG, 688 F.3d 98, 109 (2d Cir. 2012).

"[A] Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits." Fleming v. N.Y. Univ., 865 F.2d 478, 484 (2d Cir. 1989).  A Rule 60(b)(3) movant "must show that the conduct complained of prevented the moving party from fully and fairly presenting his case."  State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 176 (2d Cir. 2004) (citation omitted).

While Esposito purports to seek relief under Rule 60(b)(3) for "fraud on the court" and Rule 60(b)(6) for other reasons that justify relief, the motion largely describes "newly discovered evidence."  Accordingly, the motion is properly considered under Rule 60(b)(2).  Under Rule 60(b)(2), a movant must meet an "onerous standard" by demonstrating that

> (1) the newly discovered evidence was of facts that
> existed at the time of trial or other dispositive
> proceeding, (2) the movant must have been
> justifiably ignorant of them despite due diligence,
> (3) the evidence must be admissible and of such
> importance that it probably would have changed the
> outcome, and (4) the evidence must not be merely
> cumulative or impeaching.

United States v. Int'l Brotherhood of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001) (citation omitted).  Additionally, any motion made under Rule 60(b) must be brought within a "reasonable time," and motions under Rule 60(b)(1),(2), and (3) must be

brought no more than one year after the entry of the judgment. Fed. R. Civ. P. 60(c).

Esposito's motion is untimely.  This case was closed in August 2008 and Esposito now seeks to reopen this matter over seven years later.  Since this motion is based on "newly discovered evidence" and "fraud on the court" pursuant to Rules 60(b)(2) and (b)(3), Esposito is subject to the one year time limit of Rule 60(c).  Even if Esposito's motion could be considered under Rule 60(b)(6), it has not been brought within a "reasonable time."

**CONCLUSION**

Esposito's March 21, 2016 motion to reopen is denied.

SO ORDERED:

Dated:     New York, New York
           May 12, 2016

                          _____
                               DENISE COTE
                          United States District Judge

COPIES SENT TO:

Luisa Castagna Esposito
571 Roy Street
West Hempstead, NY 11552